|  |  |
|---|---|
| United States ) | U.S.D.C. |
| ) | CR. No.  MJ04-m-277JLA |
| v. ) |  |
| ) |  |
| Bradford C. Bleidt ) |  |

Motion for Examination
Pursuant to 18 USC 4241 to
Determine Mental Competency

     Now comes Edward J. Lee, counsel for defendant Bradford C. Bleidt, in the above-captioned matter and moves this Court order a psychiatric examination of the defendant pursuant to the provisions of USC 4241 to determine his mental competency to understand the nature and consequences of the proceedings against him and to assist in his defense.

     As reason therefore, undersigned counsel represents that:

     1.    In the mid-afternoon of Friday, October 22, 2004, he was advised by Renee Sorrentino, M.D. a staff and treating psychiatrist at the locked in patient psychiatric facility, Blake Building Massachusetts General Hospital that:

        1.    Bradford C. Bleidt was then a patient at the facility;

        2.    That based upon facts made known to her, Bradford C. Bleidt had attempted suicide on or about Thursday/Friday, November 11-12, 2004;

        3.    That Bradford C. Bleidt was in the process of being examined to determine if he was still suicidal;

        4.    That no final determination as to whether he was still suicidal had yet been made due to the need for further observation and treatment;

        5.    That a final determination would not be reached until Tuesday or Wednesday, November 22 or 23, 2004, all as more fully set forth it he attached Affidavit of undersigned counsel;

        6.    That on information and belief based upon media reports, Bradford C. Bleidt was thereafter arrested at sometime in the late afternoon of Friday, November 19, 2004;

        7.    That as a result, the issues whether Bradford C. Bleidt is (1) still suicidal and (2) may, as a result be mentally incompetent to (i) understand the nature and consequences of the proceedings against him and (ii) to assist in his own defense are still unresolved..

                                                     Respectfully submitted,

Dated: November 22, 2004                                 _____
                                                            Edward J. Lee

[FILED In Open Court USDC, Mass. Date 11/22/04 By Deputy Clerk]

<u>AFFIDAVIT</u>

I, Edward J. Lee, being duly sworn, depose and say:

I am an attorney licensed in The Commonwealth of Massachusetts with offices in Boston, Massachusetts.

In the forenoon of Friday, November 19, 2004, I was engaged to represent Bradford C. Bleidt of Manchester, Massachusetts in the likely event of Federal criminal charges being lodged against him based upon public media reports describing admissions on his part of described fraudulent conduct.

Thereafter I spoke with Doctor Renee Sorrentino, a staff psychiatrist and a treating psychiatrist for Mr. Bleidt in the locked in-patient psychiatric treatment facility on the 11th floor of the Blake building of Massachusetts General Hospital where Mr. Bleidt was then confined.

In response to direct questions by me, Dr. Sorrentino advised as follows:

1. Mr. Bleidt was operated on the previous Friday at Beth Israel Deaconess Hospital where spinal fusion of his third, fourth and fifth vertebrae was performed as a result of severe dislocation of his fourth and fifth spinal vertebrae.

2. That as a result he had almost no use of this arms at the present time.

3. That the collar he was wearing was a surgical collar.

4. That he came to the hospital on an involuntary basis but executed a voluntary admission on arrival.

5. That according to the protocol governing that admission, he could request to leave the locked unit, but that the hospital had three days within which to evaluate such a request and that weekends did not count in the three day calculation.

6. That Mr. Bleidt had made no such request to date.

7. That, based on facts made known to her, she believe Mr. Bleidt had attempted suicide prior to his admission to Beth Israel Deaconess Hospital.

8. That the staff at the MGH psychiatric unit had not yet made a final determination as to whether Mr. Bleidt was still suicidal.

9. That in the event Mr. Bleidt requested to leave the lock-in facility at any point after our conversation prior to a staff determination as to whether he was still suicidal, he would not be allowed to leave during the three day period following such a request in the absence of a staff determination as to whether he was still suicidal.

10.    That the earliest possible date for such staff determination would be Tuesday or Wednesday, November 23 or 24, 2004.

Signed under the pains and penalties of perjury this 22nd day of November, 2004.

_____
Edward J. Lee

-2-