

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 26, 2005

Edward J. Lee, Esq.
65 Franklin Street
Boston, MA 02110

    Re:   <u>Bradford C. Bleidt</u>
           <u>Criminal No. 05-10144-WGY</u>

Dear Mr. Lee:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Bradford C. Bleidt ("Bleidt"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Waiver of Indictment and Change of Plea</u>

    At the earliest practicable date but in no event later than July 26, 2005, Bleidt shall waive indictment and plead guilty to all counts of the above-captioned Information charging him with 115 counts of mail fraud in violation of 18 U.S.C. §1341 and one count of engaging in a monetary transaction with property derived from specified unlawful activity in violation of 18 U.S.C. §1957. Bleidt expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the attached Information, and is in fact guilty of those offenses.

    2.   <u>Penalties</u>

    Bleidt faces the following maximum penalties: With respect to the mail fraud violations (18 U.S.C. §1341), on each count, 20 years in prison, a $250,000 fine, five years of supervised release, a $100 special assessment and an order of restitution; with respect to the monetary transaction violation (18 U.S.C. §1957), 10 years in prison, a fine of either $250,000 or not more than twice the amount of the criminally derived property involved

in the transaction, three years of supervised release, a $100 special assessment and an order of restitution.

3. Sentencing Guidelines

The sentence to be imposed upon Bleidt is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

    (a) The parties agree to take the positions that, with respect to the mail fraud violations: 1) the applicable sentencing guideline is U.S.S.G. §2B1.1; 2) the base offense level is 7, because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, pursuant to §2B1.1(a)(1)(B); 3) the loss is more than $20 million, but less than $50 million, for a 22 level increase, pursuant to §2B1.1(b)(1)(L);  4) the number of victims is more than 50, for a 4 level increase, pursuant to §2B1.1(b)(2)(B);  5) the offense involved the abuse of a position of trust, for a 2 level increase, pursuant to §3B1.3; and 6) there are no vulnerable victims as defined by §3A1.1.  The parties agree, therefore, that the total offense level for the mail fraud offenses, before any reduction for acceptance of responsibility, is a level 35.

    (b) The parties agree to take the positions that, with respect to the monetary transaction violation: 1) the applicable sentencing guideline is U.S.S.G. §2S1.1; 2) the base offense level is 35, that being the offense level for the underlying mail fraud offenses from which the laundered funds were derived, pursuant to §2S1.1(a)(1); and 3) one additional level is added for the §1957 offense itself, pursuant to §2S1.1(b)(2)(A).  The parties

agree, therefore, that the total offense level for the mail fraud offenses, before any reduction for acceptance of responsibility, is a level 36.

(c) The parties agree to take the positions that: 1) the mail fraud and money laundering counts are grouped, pursuant to §2S1.1, comment (n. 6); 2) since the money laundering offense level has the highest offense level, that is the total offense level for all counts combined, pursuant to §3D1.3(a); and 3) assuming a 3 level reduction for acceptance of responsibility and a Criminal History Category of I, Bleidt's total offense level is 33, for a guideline sentencing range of 135-168 months.

The U.S. Attorney and Bleidt agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Bleidt will seek a departure on any ground from the Sentencing Guidelines.

Based on Bleidt's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Bleidt's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Bleidt:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Bleidt is accountable under U.S.S.G. §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for

which Bleidt is accountable under U.S.S.G. §1B1.3;

(f) Engages in acts which form a basis for finding that Bleidt has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Bleidt expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Agreed Disposition

The U.S. Attorney and Bleidt agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) A sentence of imprisonment of 135 months;

(b) No fine (because any available funds should be paid in restitution);

(c) Restitution in an amount to be determined by the Court with the assistance of the U.S. Probation Office. Bleidt agrees to submit to interviews and/or depositions to be conducted by agents of the Federal Bureau of Investigation, Postal Inspection Service, Internal Revenue Service and/or the Securities and Exchange Commission to assist them in identifying and locating potential assets for payment to creditors;

(d) A mandatory special assessment in an amount to be determined by the Court. The U.S. Attorney will recommend a mandatory special assessment in the amount of $11,600. Bleidt reserves the right to recommend a lesser, or no, special assessment in light of his financial circumstances;

4

   (e) Five years of supervised release.

 Bleidt agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

 In the event of an appeal from, or collateral challenge to, Bleidt's sentence, the U.S. Attorney reserves his right to argue the correctness of Bleidt's sentence and the manner in which the District Court determines it.

 5. <u>Payment of Mandatory Special Assessment</u>

 Bleidt agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Bleidt establishes to the satisfaction of the Court that Bleidt is financially unable to do so.

 6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

 Bleidt agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Bleidt has agreed to forfeit pursuant to this Agreement.

 Bleidt agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

   (1) Assets subject to superior, secured interests of innocent third parties, in which Bleidt has an equity interest of less than $5,000; and

   (2) Attorney's fees incurred in connection with this criminal case.

 This prohibition shall be effective as of the date of Bleidt's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

 Bleidt further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement

enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Bleidt is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Bleidt is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. §2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Bleidt knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Bleidt's guilty plea and any other aspect of Bleidt's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Bleidt's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Bleidt's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Bleidt cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Bleidt. In this regard,

6

Bleidt hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9.  Information For Presentence Report

Bleidt agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Bleidt may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Bleidt agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Bleidt specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Bleidt further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11.  Rejection of Plea By Court

Should Bleidt's guilty plea not be accepted by the Court for whatever reason, or should Bleidt move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

12.  Breach of Agreement

If the U.S. Attorney determines that Bleidt has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Bleidt, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this

Agreement. Bleidt recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Bleidt understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Bleidt before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Bleidt hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.   **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.   **Complete Agreement**

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Bleidt, please have Bleidt sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

> Very truly yours,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: *Diane C. Freniere*
>    DIANE C. FRENIERE
>    Section Chief
>
> MARK J. BALTHAZARD
> Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
BRADFORD C. BLEIDT

Date: 7/26/05

I certify that Bradford C. Bleidt has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
EDWARD J. LEE, Esq.
Attorney for Bradford C. Bleidt

Date: 7/26/05